# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOSEPH ADAMS** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:07CV1083 LG-JMR** |
| | § | |
| **PEARL RIVER COUNTY JAIL and** | § | |
| **RETA V. LUMPKIN** | § | **DEFENDANTS** |

### ORDER ADOPTING REPORT AND RECOMMENDATIONS
### AND GRANTING MOTION FOR SUMMARY JUDGMENT

This cause comes before the Court on the Report and Recommendations of Chief United States Magistrate Judge John Roper entered March 12, 2009 in this civil rights case brought pursuant to 42 U.S.C. § 1983. Magistrate Judge Roper reviewed the summary judgment motion and evidence filed by the remaining Defendant (Nurse Reta Lumpkin) regarding Plaintiff's claim that Lumpkin was intentionally indifferent to his serious medical need for a wheelchair while he was being detained at the Pearl River County Jail. Plaintiff did not file a response. Judge Roper found no question of material fact for the jury, because Plaintiff's claims amounted to negligence, or at the most, medical malpractice. Thus, he concluded that Plaintiff had not shown a constitutional violation, and Lumpkin's motion should be granted.

After receiving the Judge Roper's Report and Recommendations, Plaintiff filed a "Response and Objections," which appears to be aimed at Lumpkin's arguments for summary judgment, rather than Judge Roper's findings or conclusions. *See* Ct. R. 40. When any party objects to the Report and Recommendation, the Court must review the objected-to portions *de novo*. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). Such a review means that the Court will

consider the record which has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). The unobjected-to findings and recommendations are reviewed only to determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). Although it is not clear that Plaintiff has objected to the Report and Recommendations, the Court will conduct a *de novo* review of the record in this case.

Plaintiff urges a "closer look at the Exhibits" which would make it "clear that the treatment and records are in fact negligent." Ct. R. 40 p. 4. He asserts, "Any proffessional [sic] trained in the medical field can clearly see by [t]he Plaintiff's current medical condition, that he is in fact unable to walk, and confined to a wheelchair." *Id*. at 5-6. As noted by Judge Roper, Plaintiff's request for a wheelchair was reviewed by Nurse Lumpkin. She denied the request, noting, "Needs exercise, not w[heel]c[hair]." Ct. R. 34-4 p. 1. Although Plaintiff disagrees with Nurse Lumpkin's assessment and treatment, this dispute describes a tort claim, not a violation of the Constitution actionable under section 1983. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). The Magistrate Judge was correct in finding no question of material fact for the jury.

Lumpkin filed a reply to Plaintiff's objections, arguing first that Plaintiff's objections were filed beyond the 10-day period allowed by Rule 72.1(C) of the Uniform Local Rules. The Report and Recommendation was filed March 12, 2009, and Plaintiff filed his objections 18 days later, on March 30, 2009. However, the Rule allows 10 days "after service" of the Report and Recommendation. The record does not indicate when the Report and Recommendation was

actually "served" on Plaintiff, nor does Lumpkin provide evidence of the date.  Accordingly, the

Court finds this an inadequate basis for denying review of the objections.  Lumpkin's remaining

arguments concern the lack of expert medical evidence provided by the Plaintiff to prove his

medical negligence claim.  As the Magistrate Judge properly held that a medical negligence or

malpractice claim is not actionable under section 1983, Lumpkin's arguments concerning

Plaintiff's failure to provide evidence sufficient to make such a claim have no bearing on the

issues before the Court.

Having reviewed the summary judgment motion and evidence, the Report and

Recommendations, Plaintiff's objections and the Defendant's response, the Court finds the

Magistrate Judge's analysis and conclusions to be correct under existing Supreme Court

precedent.  The Defendant's Motion for Summary Judgment will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and

Recommendation [39] of Chief United States Magistrate Judge John M. Roper entered in this

cause on March 12, 2009, should be, and the same hereby is, adopted as the finding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [34] for Summary

Judgment filed by Defendant, Reta Lumpkin, is **GRANTED**.  Plaintiff's claims against

Defendant Lumpkin are **DISMISSED** with prejudice.

**SO ORDERED AND ADJUDGED** this the 16th day of June, 2009.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE